UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clarence Silvester Gregory, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> South Carolina Department of ) <br> Corrections, Martyna Tanaisha Green, ) <br> Shankeia Dickerson, Taunjanese Nicole ) <br> Megget, Anthony Tishiro Inabinett, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 8:23-cv-02316-BHH-JDA <br><br> **Opinion and Order** |

This matter is before the Court upon *pro se* Plaintiff Clarence Silvester Gregory's ("Plaintiff") motion for leave to file a proposed second amended complaint ("SAC") against Defendants. (ECF No. 27.) Therein, Plaintiff seeks to allege an Eighth Amendment deliberate indifference claim pursuant to 42 U.S.C. § 1983 against Defendants[1] and a claim against the South Carolina Department of Corrections ("SCDC") for violation of the South Carolina Tort Claims Act ("SCTCA"), S.C. Code §§ 15-78010, *et seq.* (ECF No. 27-6 at 7-10.)

On January 23, 2024, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report"), examining the proposed allegations and claims, finding that the amendment would be futile because the SAC fails

---

[1] Plaintiff's original complaint, first amended complaint, and proposed SAC each name different Defendants. Plaintiff's SAC names the following Defendants: South Carolina Department of Corrections, Taunjanese Nicole Megget, Anthony Tishiro Inabinett, Ramirez Romero, and Marquista Tucker. It appears the SCDC is named as a Defendant only as to the claim under the SCTCA.

to state a claim for relief as to Plaintiff's federal law claims,[2] and recommending that the Court deny Plaintiff's motion and dismiss this action without further leave to amend.[3] Plaintiff filed objections to the Magistrate Judge's Report (ECF No. 41).[4]

For the reasons set forth below, the Court adopts the Magistrate Judge's Report and agrees that Plaintiff has had multiple opportunities to cure his pleading deficiencies[5] and that any attempt to cure the deficiencies in the SAC[6] would be futile. Accordingly, the Court overrules Plaintiff's objections, denies Plaintiff's motion for leave to file a SAC (ECF No. 27), and dismisses this action without further leave to amend and without issuance and service of process. Additionally, the Court also denies Plaintiff's motion to supplement and amend (ECF No. 42), discussed *supra* note 4.

---

[2] The Magistrate Judge held that the SAC, whether construed as an amended complaint or as a supplemental pleading, fails to cure the pleading deficiencies of Plaintiff's prior pleadings. (ECF No. 11-12 at n.4.)
[3] After recommending dismissal of Plaintiff's federal claims, the Magistrate Judge also recommended that the Court decline "to exercise supplement jurisdiction over Plaintiff's SCTCA claim so that Plaintiff may bring his claim in the appropriate state court." (ECF No. 36 at 21.)
[4] In addition, Plaintiff filed a document captioned "Notice and Motion to Modify, Supplement, and Amend Pleadings to Confirm to Admissibility of Evidence and to Supplements [sic] Pleadings and to Add a First Amendment Right Claim of Retaliation Pursuant to Rule 15(B)(C)(D), of the Federal Rule of Civil Procedure (FRCP)." (ECF No. 42 (hereinafter "motion to supplement and amend").) Plaintiff appears to argue that under Rule 15(b), he should be allowed to amend his proposed SAC to add a First Amendment retaliation claim because this claim "'arose out' of each Defendants' conduct, transaction, or occurrence set out-or 'attempted to' set out-in the original pleading." (*Id.* at 1.)  Plaintiff additionally argues that he should be able to supplement a defective pleading under Rule 15(c) to add a First Amendment retaliation claim against Defendants for "'balling-up, ripped-up' and throwing away his Inmate Grievance Form(s), into the trash can." (*Id.* at 1,3.) He asserts that such supplementation should be allowed because the Magistrate Judge "raised an issue, regarding Plaintiff's rights," when she stated that "[a]n inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process," relying on *Booker v. S.C. Dep't Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). (*Id.* at 3 (quoting ECF No. 36 at 20 n.8 (noting that Plaintiff does not appear to assert a claim that Defendants violated his rights by interfering with his access to the grievance procedure and concluding that, even if he had, it would not give rise to a § 1983 claim)).)
[5] *See* ECF No. 36 at 2-3 (setting forth the procedural history).
[6] *See* ECF No. 27-4 and 27-8.

## **ANALYSIS**

In his 25-page objections, Plaintiff makes only three specific objections to the Magistrate Judge's Report.[7] (*See* ECF No. 41 at 4-5 19-21). Specifically, he contends that:

1. the Report states that Plaintiff alleges that "Defendant Inabinette congratulated Plaintiff 'for an outstanding job' of bringing to his attention Plaintiff's exposure to tobacco smoke in the Marion Unit," (ECF No. 36 at 5), but the SAC states that Defendant Inabinette "congratulated Plaintiff herein, for an outstanding job, conducted in the Murray Housing Unit[.]" (ECF No. 27-6 at 4 (16).)

2. the Report correctly states that Plaintiff alleges that Defendant Meggett was terminated on November 16, 2021, (*see* ECF No. 36 at 4), but then mistakenly states in a parenthetical citation in its argument section that the date was November **2**6, 2021. (S*ee id.* at 19) (emphasis added.)

3. the Report states that Plaintiff alleges that "Defendant Inabinette was terminated the following day" (after March 9, 2023), but "on Page 5, Paragraph 20, [of the SAC, Plaintiff] affirmative[ly] pled that, Defendant Inabinette was terminated from his employment at BRCI on/or about, October 27, 2021, and not in March 2023, as the undersigned Court, affirmative[ly] ruled." (ECF No. 41 at 5) (emphasis in original.)

A review of the relevant documents confirms that Plaintiff's first two objections are correct statements. In other words, it appears that pages 5 and 19 of the Report mistakenly refer to the Marion Unit rather than the Murray Unit and to an incorrect date of termination, but the Court finds these two misstatements entirely immaterial to the Magistrate Judge's analysis of Plaintiff's claims. Furthermore, as to Plaintiff's third objection, a review of the SAC confirms that Page 5, Paragraph 20 states: "The following day and/or thereafterwards [sic], Defendant, Inabinette was affirmative [sic] escorted and terminated from the BRCI compound[.]" (ECF No. 27-6 at 5(20).) The date in the

---

[7] Plaintiff's submission is largely comprised of a regurgitation of the SAC's allegations, conclusory statements of law, and arguments set forth in Plaintiff's motion to supplement and amend.

immediately preceding paragraph of the SAC is March 9, 2023. (*Id.* at 4(19).) Thus, Plaintiff's statement in support of objection 3 is not true as stated.

Ultimately, the Court finds that none of Plaintiff's objections are material to the Report's ultimate findings with regard to Plaintiff's § 1983 claim against these two Defendants. The Report concluded that Plaintiff cannot plausibly allege that Defendants Meggett and Inabinette "were personally responsible for his alleged exposure to ETS at times when they were not even employed at BCRI." (ECF No. 36 at 19.) As the Magistrate Judge explained, these two Defendants were terminated "long before most of the alleged incidents of Plaintiff's exposure to ETS." (*Id.* See ECF No. 27-6 at 7 (the majority of the dates alleged by Plaintiff are post-March 16, 2023).) Notably, this statement and legal conclusion would ring **even truer** had Plaintiff in fact alleged that Defendant Inabinette was terminated on or about October 27, 2021. Thus, after a *de novo* review, the Court finds Plaintiff's objections wholly without merit.

## CONCLUSION

In conclusion, the Court agrees with the Magistrate Judge that this action should be dismissed for failure to state a claim without affording Plaintiff further opportunity to amend. Therefore, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 36); the Court **overrules** Plaintiff's objections (ECF No. 41), thereby **dismissing this action without further leave to amend and without issuance and service of process**; and the Court denies, Plaintiff's motion to supplement and amend (ECF No. 42) the proposed SAC.

**IT IS SO ORDERED.**

4

                                                              /s/ *Bruce Howe Hendricks*
                                                              United States District Judge

July 31, 2024
Charleston, South Carolina